**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN A. SCOTT, JR.,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-0752-13-3395-X-1

DATE: October 20, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elijah J. Williams</u>, Lithonia, Georgia, for the appellant.

<u>Amee Patel</u>, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

On July 19, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's final decision, which ordered the agency to cancel the appellant's constructive suspension and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retroactively restore him to duty. *Scott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-3395-C-1, Compliance File, Tab 8, Compliance Initial Decision (CID). Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to pay the appellant back pay for the period of June 17 through September 8, 2013, to restore his leave for any time during the period he was not in paid leave status, and to provide him with an explanation of its back pay calculations and of any leave restored. CID at 5. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶3 In its initial compliance submission, the agency stated that it had provided the appellant the back pay and restoration of leave to which he was entitled, with supporting documentation. *Scott v. Department of Veterans Affairs,* MSPB Docket No. AT-0752-13-3395-X-1, Compliance Referral File (CRF), Tab 1. The agency also submitted an e-mail from the appellant acknowledging that he had received the back pay and restored leave. *Id.* at 5. However, the supporting documentation for the agency's actions was not provided to the Board at that

time. Subsequently, in response to Board orders, the agency has submitted evidence that on its face shows the calculation of the amount of the appellant's back pay, including the within-grade step increase that was due the appellant during the back pay period. CRF, Tab 5 at 6-7, Tab 8. An agency submission also shows the agency's appropriate calculation of the interest due on his back pay. CRF, Tab 10 at 6.

¶4 The Board notified the appellant in its March 27, 2018 Order that he could submit a reply to the agency's evidence within 20 days after the date of service of the agency's submission. CRF, Tab 9 at 2. The Board's order also informed the appellant that, in the absence of a timely reply, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement. *Id.* The agency's submission was served on the appellant on April 16, 2018. CRF, Tab 10. The appellant has not responded to the agency's submission.

¶5 In light of the foregoing, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

 If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

 If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.